SHAW *v.* NATIONAL LIFE INSURANCE COMPANY.

No. 10529.   APRIL 11, JULY 11, 1935.

*McElreath & Scott* and *J. Lon Duckworth,* for plaintiff.

*Colquitt, Parker, Troutman & Arkwright* and *Ray Williams,* for defendant.

RUSSELL, Chief Justice. The act of the General Assembly approved March 10, 1933 (Ga. L. 1933, pp. 290-295), provides that in cases wherein the amount involved is less than three hundred dollars, an appeal shall lie to the appellate division of the municipal court from the order of the trial judge overruling the motion for new trial, or other final order or judgment (Ga. L. 1933, supra, sec. 42(c) p. 293), and that the judgment of the appellate division shall be subject to review by bill of exceptions to the Court of Appeals or the Supreme Court (Ga. L. 1933, supra, sec. 42(g), p. 294). The act further provides that in cases involving three hundred dollars or more, a bill of exceptions directly to the Court of Appeals or to the Supreme Court, without appeal to the appellate division of the municipal court, may be sued out to review the final order or judgment of the municipal court in such cases, i. e., those involving three hundred dollars. (Ga. L. 1933, supra, sec. 42(h) p. 294). The case as stated in the question propounded by the Court of Appeals involved more than three hundred dollars, but it was pending in the appellate division of the municipal court at the time of the approval of the act of 1933, supra. Thus this case did not come under the provisions of either sec. 42(c) and (g), relating to cases involving less than three hundred dollars, or under sec. 42(h) referring to cases in which three hundred dollars or more was involved. The act in question thus making no provision for cases such as stated in the question of the Court of Appeals, the portion of the act (sec. 42-A) quoted by the Court of Appeals is inapplicable, and the superior court of Fulton County was not thereby deprived of the right to review the case by writ of certiorari. It is not to be presumed, under the particular facts of this case, that the legislature, in abolishing the writ of certiorari (assuming that act to be valid), intended to deprive a party in such case altogether of the right of appeal. Code of 1933, § 102-104.

*All the Justices concur.*