23709. SHAW *v.* NATIONAL LIFE INSURANCE CO.

Decided September 28, 1935.

*McElreath & Scott, J. Lon Duckworth,* for plaintiff.

*Colquitt, Parker, Troutman & Arkwright, Ray Williams,* for defendant.

STEPHENS, J. In September, 1932, H. T. Shaw brought in the municipal court of Atlanta a trover suit against the National Life Insurance Company, to recover possession of certain electrical equipment consisting of 16 Frigidaire coils and 16 Electric Mur-

phy Cabinets of the value of $2500. The defendant in its plea admitted that it was in possession, and that it refused to deliver the property to the plaintiff, but alleged that the property was worth approximately $600, that the title was in the defendant, and that the plaintiff had no right or title.

A verdict for the defendant was rendered. The judgment of the trial judge, overruling the plaintiff's motion for new trial was affirmed on appeal to the appellate division of the municipal court. The plaintiff's certiorari to the judgment of the municipal court was overruled by the superior court, and the plaintiff excepted. The right of the plaintiff in an appeal to the appellate division of the municipal court, where the appeal was pending on March 10, 1933, to review by certiorari in the superior court the judgment of the appellate division rendered on April 6, 1933, was confirmed by the Supreme Court in answer to a certified question in this case. *Shaw* v. *National Life Insurance Company*, 180 *Ga.* 755 (180 S. E. 721).

The following appears in the evidence: In August, 1929, J. H. Whisenant bought the electric equipment from Georgia Power Company for $4028.80, payable $400 cash, and the balance at the rate of $121 per month. In the contract of sale Whisenant agreed that the title to the property should remain in the Georgia Power Company until the whole purchase-price should be paid, and that he would keep the property at No. 242 12th Street N. E., Atlanta, and not remove the property without consent of said company. The equipment was installed in an apartment-house of the street number stated in the sale contract. In November, 1930, Shaw bought the apartment-house together with all the personal property, including furniture and equipment used in the operation of the house. The deed of conveyance was "subject to a loan of originally $27,500 in favor of ........" This loan was not assumed by Shaw. From October, 1929, to May 20, 1932, the Georgia Power Company received from Whisenant and Shaw $3551, leaving a balance due of $467.80 on the purchase-price of the electric equipment. It seems to be conceded, though not very clearly shown by the evidence, that at some time prior to August 8, 1932, the date the Georgia Power Company claims to have retaken possession of the equipment, the insurance company foreclosed its loan on the land whereon the house was located, bought it in at the sale,

and took possession. On August 8, the Georgia Power Company sold the equipment to the insurance company for $554.57. During this time and until after the suit was brought the equipment remained in the house. Shaw through his attorney demanded the possession of the equipment from the insurance company, but made no offer of payment to the insurance company, nor has Shaw paid the balance due. He testified as follows: "At the time I bought this property, up to the time the loan deed was foreclosed, I didn't know there was a retention-title contract against this equipment; all I knew about it, there was an indebtedness against it, some debts against it. I didn't know what kind of paper evidenced that debt. I didn't know that whoever bought that property wouldn't own it until they got it paid for. I knew I wouldn't own the property until I got it paid for. There was about $2300 due on this personal property to the Georgia Power Company; what kind of paper they had I knew nothing about. I knew I either wouldn't get title to it until I paid for it, or they had a mortgage on it, one. I didn't go to the trouble to examine it."

The contract between the Power Company and Whisenant for the sale of the property was admitted in evidence over objection that it had never been recorded in the County of DeKalb where Whisenant resided. The contract evidencing the sale of the property by the power company to the insurance company was admitted in evidence over objection that it did not appear that the person who executed the contract in behalf of the corporation had authority to execute it, and that the seal of the corporation was not attached.

The evidence certainly authorized the inference that Shaw, when he bought the house together with all furniture and equipment used in its operation, had knowledge of facts sufficient to put him on inquiry as to the nature of the right, title, and interest in the power company to the electrical equipment installed in the house. Code of 1933, § 37-116 (Code of 1910, § 4530). Shaw therefore was chargeable with notice of the contents of the contract under which the equipment was bought from the Georgia Power Company by Whisenant. Shaw never had an unqualified right to possession, as the contract with the Georgia Power Company provided that the property could not be moved without the consent of that company. Shaw was in possession of the property until

the insurance company took possession under the foreclosure sale of the land. He then gave up possession.

He can not recover except upon proof of conversion of the property by the defendant. The property is not unlawfully in the defendant's possession merely because it is in the house in which it was originally placed, which the defendant bought at a foreclosure sale and of which the defendant is now in possession; and the defendant's acquisition of the property. by taking possession of the house in which it is located after having bought it at the foreclosure sale did not itself amount to a conversion. Shaw, whose rights are subject to the provisions of the retention-of-title contract, has no right, until the property has been paid for, to remove it from the building in which it is now located. So far as it appears, he has never paid or tendered the balance due on the purchase-price, either to the power company or to the defendant. While it appears that he demanded of the defendant possession of the property, which demand the defendant refused, this refusal (as Shaw was not entitled to possession) did not amount to a conversion. There is no evidence that the power company committed any act which could amount to a conversion. There is no evidence of any repossession of the property by the power company on the ground of any default in the payment of any of the purchase-money installments by Shaw. There is no evidence that the power company has exercised any dominion over the property to the exclusion of the rights of Shaw, or that the power company has undertaken to rescind the contract of sale, or that the possession of the property has been disturbed by any act of the power company. It is clear from the uncontradicted evidence that the property has continued to remain in the house, which is now in the possession of the defendant, where it should remain by the terms of the retention-of-title contract. The execution by the power company of the bill of sale to the insurance company, .while absolute on its face, conveyed to the insurance company only such right, title, or interest in the property as was possessed at the time by the power company, which, so far as it appears from evidence, was title only for the purpose of securing the balance due upon the debt for the purchase-money. So far as it appears, Shaw is entitled to possession of the property and full title only upon the payment of the balance due on the purchase-money, which he has not made or of-

fered. The evidence therefore does not demand the inference that the defendant has converted the property sued for, and that Shaw has any title or right of possession on which he can maintain an action of trover. The verdict for the defendant was authorized, and no error appears.

Construing the evidence of the plaintiff Shaw most strongly against him (as must be done, as he is a party to the case), it must be taken as conclusively established as a matter of law that when he bought the house and the equipment in it, he was put on notice of the contract under which the equipment was sold by the power company to Whisenant. This being true, it is immaterial whether this contract was properly admitted to record. Its admission in evidence over objection that it had not been properly admitted to record was harmless to the plaintiff. Since his right to recover is dependent upon his title or right of possession, it is immaterial, as affecting any right in Shaw to maintain this suit in trover, that the insurance company bought the property from the power company. Therefore the admission in evidence of the contract by which the power company sold the property to the insurance company, over objection that it did not appear that it had been executed by the power company or under its authority, was harmless to the plaintiff. The appellate division of the municipal court did not err in overruling the motion for new trial, and the superior court did not err in overruling the certiorari.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*